UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ERIK S. JOHNSON, | CASE NO. C11-1253JLR |
| Plaintiff, | ORDER |
| v. | |
| MICROSOFT CORPORATION WELFARE PLAN, et al., | |
| Defendants. | |

## I. INTRODUCTION

Before the court is Plaintiff Erik S. Johnson's motion to supplement his claim file in this action, which is challenging Defendant Prudential Insurance Company of America's ("Prudential") denial of disability benefits, to include the Social Security Administration's ("SSA") Fully Favorable Order and Notice of Award ("Order & Notice") (Engle Decl. (Dkt. # 33) Ex. 1) granting Mr. Johnson Social Security Disability ("SSD") benefits. (Mot. (Dkt. # 32) at 1.) Having considered Mr. Johnson's motion,

ORDER- 1

Prudential's response (Resp. (Dkt. # 36)), Mr. Johnson's reply (Reply (Dkt. # 37)), and the relevant law, the court DENIES Mr. Johnson's motion (Dkt. # 32).[1]

## II.   BACKGROUND

This is a dispute over the Short Term Disability ("STD") and Long Term Disability ("LTD") benefits that Mr. Johnson applied to receive through his employment at Microsoft. (Compl. (Dkt. # 1) ¶ 2.2.) Mr. Johnson was at all relevant times a participant, as defined by the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1002(7), in Defendant Microsoft Corporation's Welfare Plan (the "Plan"), an employee welfare benefit plan within the meaning of ERISA, 29 U.S.C. § 1002(1). (Compl. ¶¶ 1.1, 1.3; Ans. (Dkt # 15) ¶ 1.3.) Mr. Johnson applied for STD benefits in August of 2009, and his claim was initially approved by Prudential, who administers and pays claims under the Plan. (Compl. ¶¶ 2.8, 2.9; Ans. ¶¶ 2.2, 2.8.) Prudential terminated Mr. Johnson's claim on December 1, 2009, after Prudential determined that Mr. Johnson no longer met the definition of "disabled" for the purposes of STD benefits. (Compl. ¶ 2.8; Ans. ¶ 2.8.) Prudential then denied Mr. Johnson's LTD benefits claim on April 23, 2010. (Compl. ¶ 2.10; Ans. ¶ 2.10.) In February 2011, Mr. Johnson appealed Prudential's denial of his STD and LTD benefits to Prudential's Appeals Review Unit. (Compl. ¶ 2.11; Ans. ¶ 2.11; Administrative Record ("AR") (Dkt. # 30) at D000970-71.) By letter dated May 24, 2011, Prudential denied Mr. Johnson's appeal. (Compl. ¶ 2.12; Ans. ¶ 2.12.) On that same day, Mr. Johnson received the SSA Order & Notice

---

[1] No party has requested oral argument.

informing him that he was considered disabled and entitled to SSD benefits. (Engle Decl. Ex. A at 4.) Thereafter, Mr. Johnson initiated this suit. (*See generally* Compl.)

### III.   ANALYSIS

The parties have stipulated that this court's review of the benefit determination by Prudential will be *de novo*. (Stip. (Dkt. # 23) at 1.) Under *de novo* review, "[t]he court simply proceeds to evaluate whether the plan administrator correctly or incorrectly denied benefits." *Abatie v. Alta Health & Life Ins. Co.*, 458 F.3d 955, 963 (9th Cir. 2006). The administrator's decision is accorded no deference. *Kearney v. Standard Ins. Co.*, 175 F.3d 1084, 1090 n.2 (9th Cir. 1999). The court evaluates whether the claimant was "entitled to benefits based on the evidence in the administrative record and other evidence as might be admissible under the restrictive rule of [*Mongeluzo v. Baxter Travenol Long Term Disability Ben. Plan*], 46 F.3d 938, 943 (9th Cir. 1995)]." *Opeta v. Nw. Airlines Pension Plan for Contract Emps.*, 484 F.3d 1211, 1217 (9th Cir. 2007) (internal quotation omitted).

In *Mongeluzo*, the Ninth Circuit held that extrinsic evidence can only be considered while reviewing a plan administrator's decision in certain limited circumstances. *Mongeluzo*, 46 F.3d at 943 (9th Cir. 1995). The court explained that "[i]n most cases . . . the district court should only look at the evidence that was before the plan administrator . . . at the time of the determination" and that the district court should use its discretion to consider evidence outside of the administrative record "only when circumstances clearly establish that additional evidence is necessary to conduct an

adequate *de novo* review of the benefit decision." *Id.* at 944 (quoting *Quesinberry v. Life Ins. Co. of N. Am.*, 987 F.2d 1017, 1025 (4th Cir. 1993) (en banc)).

In *Quesinberry*, the Fourth Circuit provided a non-exhaustive list of exceptional circumstances where introduction of evidence beyond the administrative record could be considered necessary:

> (1) claims that require consideration of complex medical questions or issues regarding the credibility of medical experts; (2) the availability of very limited administrative review procedures with little or no evidentiary record; (3) the necessity of evidence regarding interpretation of the terms of the plan rather than specific historical facts; (4) instances where the payor and the administrator are the same entity and the court is concerned about impartiality; (5) claims which would have been insurance contract claims prior to ERISA; and (6) circumstances in which there is additional evidence that the claimant could not have presented in the administrative process.

*Quisenberry*, 987 F.2d at 1027. The Ninth Circuit has adopted the *Quisenberry* list of exceptional circumstances. *See Opeta*, 484 F.3d 1211, at 1217.

Here, the court concludes that the information contained in the Order & Notice will not assist the trier of fact in conducting an adequate *de novo* review. Although Prudential is the payor and administrator of the Plan—meeting one of the "exceptional circumstances" of *Quisenberry*—this does not automatically warrant supplementation of Mr. Johnson's file. *See id.* Importantly, the Order & Notice from the SSA considers the same materials considered by Prudential in reviewing Mr. Johnson's claims and supplementation of the file would be duplicative. (Mot. at 5 ("[T]he SSA reviewed the almost exact same material as . . . Prudential.").) In other words, the SSA's Order & Notice adds nothing of substance to the review of the Plan administrator's decision to deny benefits. Thus, it has not been clearly established that supplementation is necessary

to conduct an adequate *de novo* review of Prudential's denial of Mr. Johnson's benefits.[2]

*See Silver v. Executive Car Leasing Long-Term Disability Plan*, 466 F.3d 727, 732 n.2 (9th Cir. 2006) ("We conclude that none of the items excluded by the district court were necessary to its *de novo* review. The first, a formal letter from the Social Security Administration describing its approval of Silver's application for benefits, merely repeats information that was already available to UNUM.").

### IV. CONCLUSION

Based on the forgoing, the court DENIES Mr. Johnson's motion (Dkt. # 32).

Dated this 18th day of September, 2012.

JAMES L. ROBART
United States District Judge

---

[2] Prudential also asserts that Mr. Johnson must demonstrate that the evidence could not have been submitted at the time the challenged decision was made. (Resp. (Dkt. # 36) at 3.) Prudential's assertion is an apparent reference to a requirement found in the *Hall* case from the Tenth Circuit. *See Hall v. UNUM Life Ins. Co. of Am.*, 300 F.3d 1197, 1203 (10th Cir. 2002) (The court "should only admit the additional evidence if the party seeking to introduce it can demonstrate that it could not have been submitted to the plan administrator at the time the challenged decision was made."). In the Ninth Circuit, however, there is no requirement that the proponent of supplemental evidence demonstrate inability to present that evidence at an earlier time. *Beaty v. Prudential Ins. Co. of Am.*, 313 F. App'x 46, 48 (9th Cir. 2009).

ORDER- 5