1

2

3

4

5

6

7

8

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

9

10

11

12

13

14

15

| | |
|---|---|
| ERIK S. JOHNSON, | CASE NO. C11-1253JLR |
| Plaintiff, | ORDER DENYING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT |
| v. | |
| MICROSOFT CORPORATION WELFARE PLAN, et al., | |
| Defendants. | |

16

17

18

19

20

21

22

## I.    INTRODUCTION

Before the court is Defendants Microsoft Corporation Welfare Plan (the "Plan") and the Prudential Insurance Company of America's ("Prudential") motion for summary judgment.  (Mot. (Dkt. # 24).)  Having considered the motion, the parties' submissions filed in support and opposition thereto, the applicable law, and being fully advised, the court DENIES the motion.

\\

## II.     BACKGROUND

This is a dispute over the Short Term Disability ("STD") and Long Term Disability ("LTD") benefits that Mr. Johnson applied to receive through his employment at Microsoft.  (Compl. (Dkt. # 1) ¶ 2.2.)  Mr. Johnson was at all relevant times a participant in the Plan, as defined by the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1002(7), and the Plan is an employee welfare benefit plan within the meaning of ERISA, 29 U.S.C. § 1002(1).  (Compl. ¶¶ 1.1, 1.3; Ans. (Dkt # 15) ¶ 1.3.)

Mr. Johnson applied for STD benefits in August of 2009, and his claim was initially approved by Prudential, who administers and pays claims under the Plan. (Compl. ¶¶ 2.8, 2.9; Ans. ¶¶ 2.2, 2.8.)  Prudential terminated Mr. Johnson's claim on December 1, 2009, after determining that Mr. Johnson no longer met the definition of "disabled" for the purposes of STD benefits.  (Compl. ¶ 2.8; Ans. ¶ 2.8.)  Prudential then denied Mr. Johnson's LTD benefits claim on April 23, 2010.  (Compl. ¶ 2.10; Ans. ¶ 2.10.)  In February 2011, Mr. Johnson appealed Prudential's denial of his STD and LTD benefits to Prudential's Appeals Review Unit.  (Compl. ¶ 2.11; Ans. ¶ 2.11; Administrative Record ("AR") (Dkt. # 30) at D000970-71.)  By letter dated May 24, 2011, Prudential denied Mr. Johnson's appeal.  (Compl. ¶ 2.12; Ans. ¶ 2.12.)  Thereafter, Mr. Johnson initiated this suit seeking an award of STD and LTD benefits under the Plan. (*See generally* Compl.)  Defendants have now moved for summary judgment that Prudential's decision to deny Mr. Johnson's claim for benefits was correct and Defendants are entitled to judgment in their favor as a matter of law.

1

### III.   ANALYSIS

2

**A.  Legal Standard**

3       Summary judgment is appropriate if the evidence, when viewed in the light most

4  favorable to the non-moving party, demonstrates "that there is no genuine dispute as to

5  any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ.

6  P. 56(a); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Galen v. Cnty. of L.A.*,

7  477 F.3d 652, 658 (9th Cir. 2007).  The moving party bears the initial burden of showing

8  there is no genuine issue of material fact and that he or she is entitled to prevail as a

9  matter of law.  *Celotex*, 477 U.S. at 323.  If the moving party meets his or her burden,

10 then the non-moving party "must make a showing sufficient to establish a genuine

11 dispute of material fact regarding the existence of the essential elements of his case that

12 he must prove at trial" in order to withstand summary judgment.  *Galen*, 477 F.3d at 658.

13
         [T]he issue of material fact required by Rule 56(c) to be present to entitle a
         party to proceed to trial is not required to be resolved conclusively in favor
14       of the party asserting its existence; rather, all that is required is that
         sufficient evidence supporting the claimed factual dispute be shown to
15       require a jury or judge to resolve the parties' differing versions of the truth
         at trial.

16
*First Nat. Bank of Ariz. v. Cities Serv. Co.*, 391 U.S. 253, 288-89 (1968).  The court is

17 "required to view the facts and draw reasonable inferences in the light most favorable to

18 the [non-moving] party."  *Scott v. Harris*, 550 U.S. 372, 378 (2007).

19
**B.  Defendants' Motion for Summary Judgment**

20
         The standard of review of a benefit determination is *de novo*.  *See Firestone Tire*

21 *& Rubber Co. v. Bruch*, 489 U.S. 101, 115, 109 (1989).  Under *de novo* review, "[t]he

22

1    court simply proceeds to evaluate whether the plan administrator correctly or incorrectly

2    denied benefits." *Abatie v. Alta Health & Life Ins. Co.*, 458 F.3d 955, 963 (9th Cir.

3    2006). The administrator's decision is accorded no deference. *Kearney v. Standard Ins.*

4    *Co.*, 175 F.3d 1084, 1090 n.2 (9th Cir. 1999). The court evaluates whether the claimant

5    was "entitled to benefits based on the evidence in the administrative record and other

6    evidence as might be admissible under the restrictive rule of [*Mongeluzo v. Baxter*

7    *Travenol Long Term Disability Ben. Plan*, 46 F.3d 938, 943 (9th Cir. 1995)]." *Opeta v.*

8    *Nw. Airlines Pension Plan for Contract Emps.*, 484 F.3d 1211, 1217 (9th Cir. 2007)

9    (internal quotation omitted).

10         Here, Defendants argue that they are entitled to summary judgment because the

11    clinical documentation does not contain findings or test results to support Mr. Johnson's

12    contention that his medical conditions resulted in restrictions and limitations that would

13    have precluded Plaintiff from performing at a sedentary level of employment. (Mot. at

14    2.) Defendants contend that the administrative record is "largely devoid of any objective

15    findings" and that "there is very little objective documentation in the record that

16    substantiates Mr. Johnson's pain resulted in a functional impairment." (*Id.* at 15, 21.)

17         The court disagrees and finds that the administrative record demonstrates the

18    existence of a genuine issue of material fact as to whether Prudential correctly denied Mr.

19    Johnson's claim. Here, Mr. Johnson complains of a long standing sleep disorder,

20    headaches, and muscle and joint pain. The administrative record is replete with of

21    objective test results evidencing Plaintiff's symptoms and leading Plaintiff's physicians

22    to conclude that he was disabled. These test results directly conflict with Defendants'

ORDER- 4

1   rationale for summary judgment and create a triable issue of fact regarding Prudential's

2   determination to deny Mr. Johnson benefits.  For example, Defendants themselves

3   acknowledge that one of Plaintiff's physicians, Dr. Neiman, "reported the presence of 18

4   trigger points, tenderness on palpation and weakened hand grasp" (*id.* at 7.), and that this

5   report as well as others led Dr. Neiman to two conclusions: (1) "Plaintiff was 'unable to

6   sit at a desk or use a keyboard or mouse for a significant length of time without

7   increasing symptoms'"; and (2) Plaintiff "'cannot concentrate/remember details well

8   enough to complete work.'"[1]  (*Id.* at 19 (quoting AR at D001391).)  Additionally, Dr.

9   Neiman referred Mr. Johnson to Dr. Jon Berner for his pain.  (AR at D000406-13.)  Dr.

10  Berner ordered blood work which showed "substantial elevations of acetylcarnitine from

11  C6 through C18," which Dr. Berner opined "suggested possible disorder of betta-

12  oxidation," a metabolic or mitochondrial disorder.  As another example, Mr. Johnson

13  sought care regarding his sleep apnea from Dr. Stanley Chen who ordered a "split night

14  study" test which revealed severe sleep apnea.  (*Id.* at D000135-143.)

15      Simply put, the administrative record includes Mr. Johnson's test results that

16  conflict with the rationale in Defendants' for their motion that Prudential was correct, as

17  a matter of law, in denying Mr. Johnson's claim.  As demonstrated by these examples,

18  the outcome of this case hinges on the resolution of disputed material facts in that Mr.

19  Johnson and Prudential rely on conflicting test results and physician opinions with

20

21      _____

        [1] The record includes other examples where Defendants acknowledge in their motion that

22  Plaintiff's physicians used findings from medical tests to conclude that he was suffering from
    one or more forms of disability.  (*See* Mot. at 12; 17 n.3; 20; 21.)

respect to Mr. Johnson's alleged disability.  Thus, Defendants have not convinced the court that they are entitled to judgment as a matter of law.

## IV.     CONCLUSION

For the foregoing reasons, the court DENIES Defendants' motion for summary judgment.  (Dkt. # 24.)

Dated this 13th day of November, 2012.


JAMES L. ROBART
United States District Judge

ORDER- 6